**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **GILBERTO RODRIGUEZ CHAVERRA,** | : | |
| as the administrator of the estate of Jeancarlo | : | |
| Alfonso Jimenez Joseph; and **NERINA JOSEPH,** | : | |
| as mother and next-of-kin of Jeancarlo Alfonso | : | |
| Jimenez Joseph, | : | **Case No. 4:19-cv-81-CDL** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant. | : | |

_____

## UNITED STATES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant United States of America files this Answer to Plaintiffs' First Amended Complaint and states as follows:

### INTRODUCTION

1. Defendant denies the allegations contained in paragraph 1.

2. In response to paragraph 2, Defendant admits only that Jeancarlo Alfonso Jimenez Joseph passed away on May 15, 2017. Defendant denies the remaining allegations in paragraph 2. To the extent paragraph 2 contains a footnote, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the footnote to paragraph 2 of Plaintiffs' First Amended Complaint and therefore denies the same.

3. In response to paragraph 3, Defendants admit that the GBI issued a report after its investigation into the death of Jimenez Joseph. The GBI report and the conclusions therein speak

for themselves and, therefore, no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Paragraph 9 states Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is required, Defendant admits only that Plaintiffs bring this action pursuant to the Federal Torts Claims Act.  Defendant otherwise denies all other allegations in paragraph 9 and expressly denies that Plaintiffs are entitled to any relief or damages.

10. Paragraph 10 states Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is required, Defendant admits only that Plaintiffs seek to assert claims against the United States.  Defendant otherwise denies all other allegations in Paragraph 10 and expressly denies that Plaintiffs are entitled to any relief or damages.

## JURISDICTION AND VENUE

11. Paragraph 11 contains legal conclusions related to jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.  To the extent that paragraph 12 references footnote 2, which includes a citation to Exhibit A, Defendant states that Exhibit A speaks for itself and denies any inferences or allegations contained in the footnote or the exhibit.

13. In response to paragraph 13, Defendant admits only that ICE denied Plaintiffs' administrative claims on November 8, 2019. Defendant otherwise denies the allegations contained in paragraph 13.

14. Paragraph 14 contains legal conclusions related to venue to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 14.

## PARTIES

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the same.

16. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17. Paragraph 17 contains legal conclusions related to the status of the United States as a defendant in a FTCA case to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 17.

## FACTS

A.   Plaintiffs' Allegations Regarding the Six Months Before ICE Detention.[1]

18. Defendant admits that Jimenez-Joseph was encountered on February 5, 2017 at the Wake County Detention Center by Designated Immigration Officer Ramos. Defendant denies the remaining allegations contained in paragraph 18.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

---

[1] Defendant denies all allegations contained in all of the headings included in Plaintiffs' First Amended Complaint. To the extent that the headings are used in this Answer, it is only to assist with readability and is not intended to admit any allegation or inference included in the statements.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies the same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the same.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies the same.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the same.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34. In response to paragraph 34, Defendant admits only that Jimenez Joseph was arrested by the Wake County Sheriff's Office on February 5, 2017, for the offense of failure to appear (based on his prior offenses of simple possession of a schedule VI controlled substance, misdemeanor larceny, and possession of drug paraphernalia). Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 34 and therefore denies the same.

35. Defendant responds to paragraph 35 by stating that Jimenez Joseph's Form I-213, Record of Deportable/Inadmissible Alien speaks for itself. Defendant denies the remaining allegations in paragraph 35.

36. In response to paragraph 36, Defendant admits only that Jimenez Joseph entered ICE custody on or around March 2, 2017, and was transferred to Stewart Detention Center (SDC) on or around March 7, 2017. Defendant denies the remaining allegations paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

**B.   Plaintiffs' Allegations Regarding Jean's Detention.**

38. In response to paragraph 38, Defendant admits only that Jimenez Joseph was placed on suicide watch during his intake screening process at SDC on March 7, 2017. Defendant denies the remaining allegations in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same. To the extent that paragraph 40 includes footnote 6 which references ICE PBNDS, Defendant states that the policies speak for themselves and Defendant denies any inferences or allegations contained therein.[2]

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant responds to paragraph 43 by stating that the reports referenced in this paragraph speak for themselves and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 43. Further, to the extent that paragraph 43 includes footnotes 7 and 8, which reference the alleged reports, Defendant states that the reports speak for themselves and Defendant further denies any inferences or allegations contained therein.

44. Defendant responds to paragraph 44 by stating that the document referenced speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 44. To the extent that paragraph 44 includes footnote 9, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

45. Defendant responds to paragraph 45 by stating that the documents referenced speak for themselves and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 45. To the extent that paragraph 45 includes footnotes 10, 11,

---

[2] Defendant notes that the numbering of the footnotes in Plaintiffs' First Amended Complaint skips from footnote 2 to footnote 6. Footnotes 3, 4, and 5 do not appear in the First Amended Complaint, and Defendant denies any allegations or inferences that might be included in those missing footnotes.

12, and 13, Defendant states that the documents referenced there speak for themselves and Defendant further denies any inferences or allegations contained therein.

46. Defendant responds to paragraph 46 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 46.  To the extent that paragraph 46 includes footnote 14, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

47. Defendant responds to paragraph 47 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 47.  To the extent that paragraph 47 includes footnote 15, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

48. Defendant responds to paragraph 48 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 48.  To the extent that paragraph 48 includes footnote 16, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

49. Defendant responds to paragraph 49 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 49.  To the extent that paragraph 49 includes footnote 17, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

50. Defendant responds to paragraph 50 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 50.  Further, to the extent that paragraph 50 includes footnote 18, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

51. Defendant denies the allegations contained in paragraph 51.  To the extent that paragraph 51 contains a quotation from a document, that document speaks for itself and therefore no response is required.  To the extent that paragraph 51 includes footnote 19, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

52. Defendant denies the allegations contained in paragraph 52.  To the extent that paragraph 52 contains a quotation from a document, that document speaks for itself.  To the extent that paragraph 52 includes footnote 20, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant responds to paragraph 54 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.  To the extent that paragraph 55 references a document, that document speaks for itself.  To the extent that paragraph 55 includes footnote 21, Defendant again states that the document referenced there speaks for itself and Defendant further denies any inferences or allegations contained therein.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58 as stated and expressly notes that Defendant relied on telehealth services to perform services like prescribing or altering dosages of medications.

59. Defendant denies the allegations contained in paragraph 59.

**C.   Plaintiffs' Allegations Regarding Jean's Pre-Death Detention.**

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations as written in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations as written in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. To the extent that paragraph 68 contains a quotation from an unidentified document, that document speaks for itself and therefore no response is required.  Defendant otherwise denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. To the extent that paragraph 72 contains a quotation from a document, that document speaks for itself and therefore no response is required.  Defendant otherwise denies the allegations contained in paragraph 72.

73. To the extent that paragraph 73 contains a quotation from an unidentified document, that document speaks for itself and therefore no response is required.  Defendant otherwise denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

**D.  Plaintiffs' Allegations Regarding Solitary Confinement.**

75. In response to paragraph 75, Defendant admits only that on April 27, 2107, Jimenez Joseph jumped from the top-tier walkway in his dorm to the ground level.  Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 75 and therefore denies the same.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant responds to paragraph 77 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 77.

78. Defendant responds to paragraph 78 by stating that the document referenced speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations as written in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. To the extent that paragraph 86 contains a quotation from an unidentified document, that document speaks for itself and therefore no response is required.  Defendant otherwise denies the allegations contained in paragraph 86.

87. To the extent paragraph 87 contains a quotation from an unidentified document, that document speaks for itself and therefore no response is required.  Defendant otherwise denies the allegations contained in paragraph 87.

88. Defendant admits the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

90. Defendant denies the allegations contained in paragraph 90.

91. Defendant denies the allegations contained in paragraph 91.

92. Defendant denies the allegations contained in paragraph 92.

93. Defendant denies the allegations contained in paragraph 93.

94. Defendant denies the allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

96. Defendant denies the allegations contained in paragraph 96.

97. Defendant denies the allegations contained in paragraph 97.

**E.  Plaintiffs' Allegations Regarding DHS Investigation.**

98. In response to paragraph 98, Defendant admits only that ICE conducted a Detainee Death Review.  The document, which is attached to Plaintiffs' First Amended Complaint, speaks for itself and therefore no other response is required.  To the extent any further response is required, Defendant denies the allegations contained in paragraph 98.

99. The document referenced in paragraph 99 speaks for itself and therefore no other response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 99.

100. The document referenced in paragraph 100 speaks for itself and therefore no other response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 100.

101. The document referenced in paragraph 101 speaks for itself and therefore no other response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 101.

102. The document referenced in paragraph 102, which is attached to Plaintiffs' First Amended Complaint, speaks for itself and therefore no other response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 102.

103. Defendant denies the allegations contained in paragraph 103.

104. The document referenced in paragraph 104 speaks for itself and therefore no other response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 104.

105. Paragraph 105 contains a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained in paragraph 105.

106. Defendant denies the allegations contained in paragraph 106.

## COUNT ONE: WRONGFUL DEATH

107. In response to paragraph 107, Defendant incorporates by reference all responses to paragraphs 1-106, as if fully set forth herein.

108. Defendant denies the allegations contained in paragraph 108.

109. Defendant denies the allegations contained in paragraph 109.

110. Paragraph 110 contains a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 110.

## <u>COUNT TWO: NEGLIGENCE</u>

111. In response to paragraph 111, Defendant incorporates by reference all responses to paragraphs 1-110, as if fully set forth herein.

112. Defendant denies the allegations contained in paragraph 112.

113. Defendant denies the allegations contained in paragraph 113.

114. Defendant denies the allegations contained in paragraph 114.

115. Defendant denies the allegations contained in paragraph 115.

116. Defendant denies the allegations contained in paragraph 116.

117. Defendant denies the allegations contained in paragraph 117.

118. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 118 and therefore denies the same.

119. Paragraph 119 contains a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein.

120. Defendant denies the allegations contained in paragraph 120, including subparts (a) – (i) to paragraph 120.

121. Defendant denies the allegations contained in paragraph 121.

122. Defendant denies the allegations contained in paragraph 122.

123. Defendant denies the allegations contained in paragraph 123.

124. Defendant denies the allegations contained in paragraph 124.

125. Defendant denies the allegations contained in paragraph 125.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

126. In response to paragraph 126, Defendant incorporates by reference all responses to paragraphs 1-125, as if fully set forth herein.

127. Defendant denies the allegations contained in paragraph 127.

128. Defendant denies the allegations contained in paragraph 128.

129. Defendant denies the allegations contained in paragraph 129.

130. Defendant denies the allegations contained in paragraph 130.

131. Defendant denies the allegations contained in paragraph 131.

132. Defendant denies the allegations contained in paragraph 132.

133. Defendant denies the allegations contained in paragraph 133.

## REQUEST FOR RELIEF

The paragraph beginning with "wherefore" sets forth Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

Defendant further denies each and every allegation or inference contained in Plaintiffs' First Amended Complaint that is not expressly admitted above.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to Plaintiffs' First Amended Complaint, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiffs' First Amended Complaint was the actions, nonactions, or negligence of a person or persons other than Defendant for whose actions, nonactions, or negligence Defendant is in no way liable. Plaintiffs are therefore not entitled to recover from Defendant in this action.

## THIRD DEFENSE

Plaintiffs' First Amended Complaint, in whole or in part, is barred by the statute of limitations.

## FOURTH DEFENSE

The Plaintiffs' alleged injuries were caused solely or partially by the negligent or wrongful acts or omissions of other parties, persons, or entities, their servants, agents, representative, or employees, none of whom are employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

## FIFTH DEFENSE

The fault of parties, persons, or entities, their servants, agents, representative, or employees, for which Defendant is not responsible, should be apportioned to those parties, persons, or entities who are responsible—whether or not they are parties to this civil action.

## SIXTH DEFENSE

To the extent the Plaintiffs' First Amended Complaint requests equitable relief, not money damages, that request is not cognizable under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1).

## SEVENTH DEFENSE

Defendant is not liable for prejudgment interest or punitive damages under 28 U.S.C. § 2674.

**EIGHTH DEFENSE**

Defendant reserves the right to raise additional defenses should facts come to the attention of the Defendant during discovery, which facts warrant the assertion of an additional defense.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays that it be granted:

(a)  Judgment dismissing Plaintiff's First Amended Complaint with prejudice;

(b)  An award of costs and disbursements incurred herein; and

(c)  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 1st day of October, 2020.

                                CHARLES E. PEELER
                                UNITED STATES ATTORNEY

                         BY: */s/ Bernard Snell*
                                BERNARD SNELL
                                Assistant United States Attorney
                                Georgia Bar No. 665692
                                bernard.snell@usdoj.gov
                                AMELIA G. HELMICK
                                Assistant United States Attorney
                                Georgia Bar No. 142673
                                amy.helmick@usdoj.gov
                                BOWEN REICHERT SHOEMAKER
                                Assistant United States Attorney
                                Georgia Bar No. 222443
                                bowen.shoemaker@usdoj.gov
                                United States Attorney's Office Middle
                                District of Georgia
                                P.O. Box 1702
                                Macon, Georgia 31202
                                Phone: (478) 752-3511