## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **GILBERTO RODRIGUEZ CHAVERRA,** as the administrator of the estate of Jeancarlo Alfonso Jimenez Joseph; and **NERINA JOSEPH,** as mother and next-of-kin of Jeancarlo Alfonso Jimenez Joseph, | |
| Plaintiffs, | **Case No. 4:19-cv-81-CDL** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

_____

## SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on December 14, 2020. In accordance with the Court's Rules 16/26 Order dated November 17, 2020 (ECF No. 35), the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing the deadlines and limitations as follows:

**I.      Counsel of Record:**

The following attorneys are hereby designated lead counsel for the parties:

*For Plaintiff*:
R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221 (telephone) | andrew@immigrantcivilrights.com

G. Brian Spears
G. Brian Spears, P.C.
1126 Ponce De Leon Ave. NE
Atlanta, GA 30306
Tel: 404-872-7086 | bspears@brianspearslaw.com

>*For Defendant:*
>Bernard Snell
>Amy Helmick
>Bowen Reichert Shoemaker
>Kevin D. Abernethy
>United States Attorney's Office
>Middle District of Georgia
>P.O. Box 1702
>Macon, GA  31202
>Tel: (478) 752-3511
>Bernard.Snell@usdoj.gov
>Amy.Helmick@usdoj.gov
>Bowen.Shoemaker@usdoj.gov
>Kevin.Abernethy@usdoj.gov

**II.    Complaint and Answer filing dates:**

First Amended Complaint filed:       **December 30, 2019**

Answer to Amended Complaint filed:   **October 1, 2020**

**III.   Discovery Deadlines:**

### A.  <u>Time for Discovery</u>

The time for discovery in this case shall expire **June 17, 2021**, that being no more than seven months after the Court entered its Rules 16/26 Order.[1]  Further extensions to the discovery period may be necessary depending on the complexity of the case and potential scheduling issues that may arise because of COVID-19 restrictions.  The parties have agreed to work collaboratively towards completing discovery within the contemplated seven-month period, but recognize that

---

[1] Based on the length of time that passed between the date of Defendant's Answer and the Court's entry of its Rules 16/26 Order, the parties have agreed to use the date of the entry of the Rules 16/26 Order (November 17, 2020) to calculate discovery deadlines instead of the Answer (October 1, 2020).  Because discovery cannot commence until after the Rule 26(f) conference, which is conducted after the Rules 16/26 Order is issued, the parties have moved back the discovery dates and respectfully propose these dates to the Court.  *See* Fed. R. Civ. P. 26(d)(1).  In addition, the parties jointly propose a seven-month discovery period (as opposed to a six-month period) to accommodate additional time for expert discovery, as discussed more fully below.

there may be a need for an extension. If the need arises, the party or parties seeking additional discovery will move the Court and explain why there is good cause for the extension.

### B. Witnesses to be Deposed

At this time, the parties intend to take the depositions of the persons listed below. The parties will schedule the deposition in accordance with the witnesses' and counsel's schedules.

*Plaintiffs intend to depose the following individuals:*

1. John Bretz
2. Sean Gallagher
3. James Blankenship
4. Kimberly Calvery
5. Shuntelle Anderson
6. Gonzalo Cadavid
7. Tae Johnson
8. Jay Brooks
9. Ada Rivera
10. 30(b)(6) Designees from DHS

*Defendants intend to depose the following individuals:*

1. Nerina Joseph
2. Gilberto Chaverra
3. Karina Kelly
4. Plaintiff's designated expert(s): To be deposed after Plaintiff's expert disclosure deadline of February 15, 2021, at a mutually agreed upon location based on the deponent's availability.
5. Defendant reserves the right to depose any additional witnesses who may be identified in discovery.

### C. Expert Witnesses

The Plaintiff must disclose the identity of any expert witness on or before **February 15, 2021**, that being no more than 90 days after the date the Rule 16/26 Order was entered by the Court.[2] Defendant must disclose the identity of any expert witnesses on or before **April 1, 2021**,

---

[2] The parties recognize that the Court's proposed scheduling and discovery order form sets forth instructions for Plaintiff to identify expert witnesses within 90 days of the Answer and Defendant to identify expert witnesses with 120 days of the Answer. *See* ECF No. 35. As explained in

3

that being no more than 135 days after the entry of the Rules 16/26 Order.[3] In the event Defendant designates an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional 30 days from the date of Defendant's expert disclosure to designate a rebuttal expert witness.

Any supplemental expert reports must be served on or before **May 11, 2021**, that being no more than 175 days after the entry of the Rules 16/26 Order. Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). No additional supplemental reports may be disclosed or provided after this date without leave of Court.

### D. Expert Reports

Any disclosure of an expert witness who is not required to provide a written expert report under Federal Rule of Civil Procedure 26(a)(2)(B) must comply with Federal Rule of Civil Procedure 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expect to present expert testimony, and a summary of the facts and opinions to which the witness is expected to testify. All other expert witness disclosure or designations must be accompanied by an expert witness report as required under Federal Rule of Civil Procedure 26(a)(2)(B).

---

footnote 1, *supra*, the parties have agreed to use the date of the entry of the Rules 16/26 Order instead of the Answer for purposes of proposing deadlines.

[3] The Rules 16/26 Order sets forth that Defendant's expert witnesses should be disclosed 30 days after Plaintiff's deadline to disclose her expert witnesses. *See* ECF No. 35. Defendant, with Plaintiff's consent, requests that his expert witnesses be disclosed 45 days Plaintiff's expert witness disclosure. The enlargement of time for Defendant to disclose its expert witnesses is warranted due to the U.S. Department of Justice's contracting process, which typically takes several weeks to complete once prospective expert witnesses have been identified. During the contracting process, prospective expert witnesses are precluded from engaging in file review and drafting expert reports, thereby leaving expert witnesses with little time to accomplish necessary tasks upon completion of the contracting process.

### E. Estimated Cost of Discovery

**Plaintiff:**   The estimated cost of discovery in this action is $75,000.00

**Defendant:**   The estimated cost of discovery in this action is $40,000.

### F. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

Plaintiffs or Defendants may find it necessary to move the Court for entry of a protective order with regard to information to be produced during discovery. If so, a motion seeking a protective order shall be filed with the Court by the party or parties seeking the order.

## IV. Time for Filing Motions

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than **January 19, 2021**, that being no more than 60 days after the entry of the Rules 16/26 Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than **August 2, 2021**, that being no more than 45 days after the expiration of discovery in this case. Pursuant to Local Rule 7, a respondent shall have 21 days and no more than 20 pages to respond to the dispositive motion and the movant shall have 14 days thereafter and no more than 10 pages to file a reply. In the event that one or all parties would like to request oral argument on a pending motion for summary judgment, a separate motion requesting oral argument will be filed in accordance with Local Rule 7.5.

### C. *Daubert* Motions

Any *Daubert* motions shall be filed within 21 days after the Court's ruling on the last pending motion for summary judgment or by the deadline for motions in limine as set in an order setting pretrial conference, whichever is sooner. If no motions for summary judgment are filed by the date dispositive motions are due, *Daubert* motions shall be filed by **August 23, 2021**, which is 21 days after the date for filing dispositive motions. If an evidentiary hearing is necessary for resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for a hearing at the time of the filing of the motion or the response to the motion.

### V. Certificate of the Parties and Counsel

The parties, by the signature of counsel below, certify that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a). Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

Respectfully submitted this 29th day of December, 2020.

> BY: */s/ R. Andrew Free*_____
> R. Andrew Free
> P.O. Box 90568
> Nashville, TN 37209
> (844) 321-3221
> andrew@immigrantcivilrights.com
>
> G. Brian Spears
> G. Brian Spears, P.C.
> 1126 Ponce De Leon Ave. NE
> Atlanta, GA 30306
> Tel: 404-872-7086
> Email: bspears@brianspearslaw.com

        **PETER D. LEARY**
        **ACTING UNITED STATES ATTORNEY**

BY: */s/ Bernard Snell*_____
   BERNARD SNELL
   Assistant United States Attorney
   Georgia Bar No. 665692
   bernard.snell@usdoj.gov
   AMELIA G. HELMICK
   Assistant United States Attorney
   Georgia Bar No. 142673
   amy.helmick@usdoj.gov
   BOWEN REICHERT SHOEMAKER
   Assistant United States Attorney
   Georgia Bar No. 222443
   bowen.shoemaker@usdoj.gov
   KEVIN D. ABERNETHY
   Assistant United States Attorney
   Georgia Bar No. 142310
   kevin.abernethy@usdoj.gov
   United States Attorney's Office
   Middle District of Georgia
   P.O. Box 1702
   Macon, Georgia 31202
   Phone: (478) 752-3511

## **ORDER**

**WHEREFORE**, having reviewed the information contained in the Joint Proposed Scheduling Order submitted by the parties to the Court, the Court hereby adopts this Scheduling Order as the Order of this Court.

**SO ORDERED** this _30th day of December, 2020.

        S/Clay D. Land
        HONORABLE CLAY D. LAND
        United States District Judge
        Middle District of Georgia